UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

JULIAN R. HOOD, JR.,

    Plaintiff,

v.    Case No. 1:15-CV-435

UNITED STATES POSTAL SERVICE,    HON. GORDON J. QUIST
MICHIGAN POSTAL WORKER UNION,
WESTERN MICHIGAN AREA LOCAL
#281, and AMERICAN POSTAL WORKERS
UNION, AFL-CIO,

    Defendants.

_____/

**OPINION**

This is one of many lawsuits filed by Plaintiff, Julian R. Hood, Jr., a former employee of the United States Postal Service (USPS) proceeding *pro se*. Hood, whose employment with the USPS terminated in April of 2004, has filed a complaint pursuant to section 1208(b) of the Postal Reorganization Act, 38 U.S.C. § 1208(b), against the USPS and various unions, of which Hood was a member. Hood alleges that the USPS violated several articles of the collective bargaining agreement and that the Defendant Unions breached their duty of fair representation.

On May 4, 2015, the magistrate judge issued an order granting Hood leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir. 1999) (holding that "§ 1915(e)(2) applies only to in forma pauperis proceedings"). Although the statute of limitations is

an affirmative defense, courts have held that a complaint may be dismissed *sua sponte* under § 1915 if the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to establish it. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *Erline Co. S.A. v. Johnson*, 440 F.3d 648 (4th Cir. 2006) (noting that "in evaluating a complaint filed in forma pauperis pursuant to § 1915, a district court may consider a statute of limitations defense *sua sponte* when the face of the complaint plainly reveals the existence of such defense"). Based on its review of Hood's complaint, the Court concludes that the complaint plainly shows that Hood's claims are untimely and that dismissal of Hood's complaint with prejudice is required.

"The Sixth Circuit and its sister circuits have uniformly held that 39 U.S.C. § 1208(b) is an analogue of Section 301(a) of the Labor Management Relations Act of 1957 and have consistently applied § 301 law to suits brought pursuant to 39 U.S.C. 39 U.S.C. § 1208(b)." *Armstrong v. United States Postal Serv.*, 6 F. App'x 282, 283 (6th Cir. 2001) (internal quotation marks omitted). *See also Bacashihua v. United States Postal Serv.*, 859 F.2d 402, 405 (6th Cir. 1988) (noting that courts consistently apply Section 301 law to suits brought under 39 U.S.C. § 1208(b)). A hybrid breach of contract/breach of fair representation suit under Section 301 is subject to a six-month statute of limitations. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169–72, 103 S. Ct. 2281, 2293–94 (1983). "Such a claim accrues when an employee discovers, or should have discovered with exercise of due diligence, acts giving rise to the case of action." *Wilson v. Int'l Bhd of Teamsters*, 83 F.3d 747, 757 (6th Cir. 1996).

In his complaint, Hood alleges that his employment with the USPS was terminated in April of 2004. (Dkt. # 1 at Page ID#1.) Hood alleges that the latest act of discrimination occurred on August 21, 2008. (*Id.* at Page ID#22.) The latest act of breach of the duty of fair representation by

any of the Defendant Unions that Hood alleges occurred on April 21, 2004.  (*Id.* at Page ID#26.) Under any liberal construction, Hood's allegations show that his complaint in this case—filed on April 24, 2015—was filed well beyond the six-month limitations period.  Accordingly, Hood's claims are time-barred.

      An Order consistent with this Opinion will be entered.


Dated:  May 15, 2015                                                          /s/ Gordon J. Quist
                                                                          GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE